## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| EMMA NEDLEY *on behalf of herself and all others similarly situated* | ) ) ) | Case No. |
| PLAINTIFF, | ) ) | |
| v. | ) ) | **CLASS ACTION COMPLAINT** |
| THE UNIVERSITY OF PENNSYLVANIA | ) ) | **JURY TRIAL DEMANDED** |
| DEFENDANT. | ) ) ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### CLASS ACTION COMPLAINT

Plaintiff, Emma Nedley ("Plaintiff"), by and through her undersigned counsel, brings this class action against Defendant, the University of Pennsylvania (the "University" or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

### NATURE OF THE ACTION

1.      This is a class action lawsuit on behalf of all persons who paid tuition and/or fees to attend the University, for an in-person, hands-on education for the Spring 2020 semester, Summer 2020 semester, and any future semester where their course work moved to online learning. Such persons paid all or part of the tuition for this semester and mandatory fees that include a General Fee, Technology Fee, and Clinical Fee (collectively the "Mandatory Fees").[1] Students may have incurred additional fees based on whether they were a freshman or transfer student, or depending upon which program they were enrolled in.

---

[1] https://srfs.upenn.edu/costs-budgeting/undergraduate-tuition-and-fees.

2.     The University has not refunded any amount of the tuition or any portion of the Mandatory Fees, even though it has implemented online distance learning since mid-March 2020.

3.     Because of the University's response to the Coronavirus Disease 2019 ("COVID-19") pandemic, by mid-March, the University ceased or severely limited any of the services or facilities the Mandatory Fees were intended to cover.

4.     The University's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately mid-March is a breach of the contracts between the University and Plaintiff and the members of the Class, and is unjust.

5.     In short, as to tuition, Plaintiff and the members of the Class have paid tuition for a first-rate education and educational experience, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.  As said in New York Magazine, "*Universities are still in a period of consensual hallucination with each saying, 'We're going to maintain these prices for what has become, overnight, a dramatically less compelling product offering.*'"[2]

6.     As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which were simply not provided; this failure also constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.

7.     Plaintiff seeks, for herself and Class members, the University's disgorgement and/or appropriate compensatory damages in return of the pro-rated portion of its tuition and Mandatory Fees, proportionate to the amount of time that remained in the Spring semester 2020,

---

[2] James D. Walsh, "The Coming Disruption," New York Magazine, May 11, 2020, available at https://nymag.com/intelligencer/2020/05/scott-galloway-future-of-college.html?utm_source=fb (site last visited June 9, 2020).

Summer semester 2020, and any future semesters when the University switched to online distance learning, mandated students leave campus, and closed or ceased access to facilities and services.

## PARTIES

8.      Plaintiff Emma Nedley is a citizen of Pennsylvania. She paid to attend the Spring 2020 semester at the University of Pennsylvania as an undergraduate student.

9.      Plaintiff paid tuition and the Mandatory Fees for the Spring 2020 semester to enable her to obtain an in-person, on-campus educational experience, and enable her to participate in the activities and to utilize the services covered by the Mandatory Fees that she paid.

10.      She has not been provided a pro-rated refund of the tuition for her in-person classes that were discontinued and moved online or any of the Mandatory Fees she paid after the University's facilities were closed or access was severally limited and events were cancelled.

11.      The University of Pennsylvania is a private research, Ivy League university founded in 1740.

12.      The University offers numerous major fields for undergraduate students, as well as an array of internationally prominent of graduate programs. The University's programs include students from many, if not all, of the states in the country.

13.      The University's principal campus is located in Philadelphia, Pennsylvania. Defendant is a resident of Pennsylvania.

## JURISDICTION AND VENUE

14.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members

of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

15.      This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

16.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## **FACTUAL ALLEGATIONS**.

17.      Plaintiff and Class Members have paid, or will pay, tuition and the Mandatory Fees to attend the University Spring 2020 semester, Summer 2020 semester, and any future semester where in-person education is not provided.

18.      The Spring 2020 semester at the University of Pennsylvania began on or about January 15, 2020 and ended on or around May 12, 2020.[3] The Summer 2020 semester began on or about May 26, 2020 and is scheduled to end on or about August 7, 2020.[4]

19.      Tuition costs at the University for the Spring 2020 for a full-time undergraduate student was approximately $25,578, based on the following table provided by the University:

## 2019-2020 Academic Year

| | |
|---|---|
| Tuition | $51,156 |
| General Fee | $5,136 |
| Technology Fee | $870 |
| Clinical Fee | $608 |
| **Total Tuition and Fees** | **$57,770** |

[5]

---

[3] https://almanac.upenn.edu/uploads/media/AcademicCalendar2019-2022.pdf
[4] https://srfs.upenn.edu/costs-budgeting/undergraduate-tuition-and-fees
[5] https://srfs.upenn.edu/costs-budgeting/undergraduate-tuition-and-fees

20.     In addition to tuition, Plaintiff, and the Class members each had to pay the Mandatory Fees for the Semester that totaled approximately $3,307.[6] The Mandatory Fees are made up of the following:

# Fees included in the Cost of Attendance

## General Fee

The general fee is assessed to all undergraduate, graduate, and professional students and directly supports a variety of student related activities, services, and spaces.

## Technology Fee

This fee assists with the cost of computer labs and technological services.

## Clinical Fee

This mandatory fee gives students unlimited access to Student Health Service. Direct questions about this fee to Student Health Service or call 215-746-3535.

[7]

21.     Tuition costs at the University for the Spring 2020 for a full-time graduate student can reach up to approximately $37,250, with Mandatory Fees up to approximately $2,498.[8]

---

[6] *Id.*
[7] *Id.*
[8] https://srfs.upenn.edu/costs-budgeting/graduate-cost-attendance

22.     Tuition costs for the University during the Summer 2020 semester varied depending upon the program but ranged from approximately $3,472 to $6,784 for ungraduated students[9], and from $4,286 to $9,598 for graduate students. The Mandatory Fees for the Summer 2020 semester were $392 for undergraduate students, and $430 for graduate students.[10]

23.     Plaintiff and the members of the Class paid all or part of the applicable tuition for the benefit of on-campus live interactive instruction and an on campus educational experience throughout the entire semester.

24.     Plaintiff and the members of the Class paid the Mandatory Fees for the semester so they could benefit throughout the semester from all University's facilities and services, recreation, athletics, health and wellness programs, and organizations, among many other benefits that the significant fees were paid to cover.

25.     The University has retained the value of the tuition and Mandatory Fees, while failing to provide the services for which they were paid.

26.     Members of the Class have demanded the return of the prorated portion of tuition, and Mandatory Fees, and have taken to online petitions to demand the same.[11] As one University student puts it, "[r]emote class really has an impact on the experience of study and quality of education."[12]

27.     Despite the demand from members of the Class, the University has not provided any refund of the tuition or Mandatory Fees and continues to retain the monies paid by Plaintiff and the Class.

---

[9] https://srfs.upenn.edu/costs-budgeting/undergraduate-summer
[10] https://srfs.upenn.edu/costs-budgeting/graduate-summer
[11] https://www.change.org/p/amy-gutmann-upenn-petition-to-reduce-forgive-rebate-spring-2020-tuition-due-to-covid-19
[12] *Id.*

### *In Response to COVID-19, the University Closed Campus, Preventing Access to its Facilities and Services, and Cancelled All In-Person Classes*

28.     In response to the COVID-19 pandemic, the University created a new section for its website to post news alerts and updates, and to answer frequently asked questions.[13]

29.     On March 11, 2020, the University announced that it will be extending Spring Break by one week, and that starting on March 23, the University will only be offering remote online learning throughout the end of the semester.[14]

30.     In its March 11 announcement, the University further advised that any student who has already left should not return to campus, and that all students who are still on campus should vacate by March 15.[15]

31.     On March 14, 2020, the University reiterated that the decisions made over the past week had been difficult, and that all student group activities, parties, and events, on or off campus, shall cease.[16]

32.     On March 15, 2020, the University closed all libraries, stating:

As the University's and the world's response to COVID-19 continues to shift at a quickening rate to offset the spread of the virus, effective immediately, all Penn Libraries, including the Van Pelt-Dietrich Library Center, will be closed to the Penn community until further notice.[17]

---

[13] https://coronavirus.upenn.edu/

[14] https://penntoday.upenn.edu/announcements/coronavirus-and-important-changes-our-operations-remainder-semester

[15] *Id.*

[16] https://coronavirus.upenn.edu/announcement/important-message-students

[17] https://coronavirus.upenn.edu/announcement/message-penn-libraries

33.      Also, on March 15, 2020, the University announced that beginning on March 18, access to laboratories for research will be severally limited to only essential personnel. It further advised that all researchers should prepare to discontinue all research activities immediately.[18]

34.      On March 16, 2020, the University cancelled the Spring 2020 in-person commencement, replacing it with a virtual live broadcast instead.[19]

35.      On March 20, 2020, the University announced that it would be offering students the option to receive a "Pass/Fail" grade rather than the traditional letter grade.[20]

36.      On April 1, 2020, the University expanded remote online learning throughout the Summer 2020 semester.[21] Those who have paid tuition for the Summer 2020 semester have not received any discount or refund for the lack of in-person education that was paid for.

37.      The University has not held any in-person classes since March 2020.  Classes that have continued since that time have only been offered in a remote online format with no in-person instruction or interaction.

38.      The University has not refunded the tuition and Mandatory Fees paid for in-person on campus education, and access to facilities and services that were/are not being provided.

---

[18] https://coronavirus.upenn.edu/announcement/new-measures-research-penn-response-covid-19
[19] https://coronavirus.upenn.edu/announcement/message-penn-community-major-changes-commencement
[20] https://coronavirus.upenn.edu/announcement/message-penn-undergraduates-about-passfail-options
[21] https://coronavirus.upenn.edu/announcement/message-penn-community-about-summer-session

### ***The University's Online Courses Are Subpar to In-Person Instruction, For Which Plaintiff and the Class Members Contracted with the University's to Receive by Paying Tuition and Fees***

39.     Students attending the University's Spring 2020 and Summer 2020 semester did not choose to attend an online institution of higher learning, but instead chose to enroll in the University's esteemed in-person educational program.

40.     On their website, the University markets its on-campus experience and Philadelphia location as a benefit of enrollment by stating:

### Beyond Campus

More than a campus, Penn flourishes in and is enriched by a vibrant urban ecosystem steeped in history and brimming with arts, culture, and innovation.

22

When you arrive at Penn to begin your classes, you'll also begin your student life on our historic campus. You'll be welcome to study in one of our many libraries and enjoy lectures, talks, exhibits and performances, as well as join student groups for a wide-ranging array of interests and causes. We offer support for your success and well-being in many forms, from one-on-one study help and tutoring to campus security services.

As rich and varied as Penn's campus offerings are, the city that surrounds us provides even more opportunities to explore. When you venture off-campus, you'll find yourself in the heart of Philadelphia, a vibrant urban center that is home to world-recognized museums, historical destinations, professional and collegiate athletic teams, and more.

23

---

[22] https://www.upenn.edu/life-at-penn
[23] https://www.sas.upenn.edu/lps/campus-life

# Penn & Philadelphia

Get to know the City of Brotherly Love and Penn's place in it. [24]

41.      The online learning options being offered to the University's students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was.

42.      During the online portion of the Spring 2020 and Summer 2020 semester, the University offered some classes through Zoom. Other classes, however, were prerecorded for students to watch on their own time without real-time dialogue.  Therefore, there was a significant lack of classroom interaction among teachers and students, and among individual students that is instrumental in interpersonal skill development.

43.      The online formats being used by the University's do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

44.      Further, the ability to receive a Pass/Fail grade rather than a letter grade provides educational leniency that the students would not otherwise have with the in-person letter grading education that was paid for and expected.

45.      Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

---

[24] https://www.upenn.edu/life-at-penn/philadelphia

46.     Access to facilities such as class rooms, libraries, laboratories, computer labs, and study rooms, are also integral to a college education, and access to the myriad activities offered by campus life fosters social development and independence, and networking for future careers, all substantial and materials parts of the basis upon which the University can charge the tuition it charges, but are not being provided.

47.     The University has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the Spring 2020 semester for the period it moved to subpar on-line distance learning.

48.     Nor has the University refunded the Mandatory Fees it collected from Plaintiff and the members of the Class for the semester even though it limited access to or ceased the services and facilities for which the Mandatory Fees were intended to pay.

49.     Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fees they paid for the Spring 2020 semester for the remaining days of the semester after classes moved from in-person to online and facilities were closed or severally limited.

50.     Class members who are paying and will continue to pay tuition and Mandatory Fees for the Summer 2020 semester and any future semester in which in-person education is not provided should be entitled to an appropriate refund for the decrease in value in the education provided.

## CLASS ACTION ALLEGATIONS

51.     Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:

All persons who paid tuition and the Mandatory Fees for a student to attend in-person class(es) during the Spring 2020 semester, Summer 2020 semester, and any future semester at the University but had their class(es) moved to online learning (the "Class").

52.     Excluded from the Class is Defendant, its subsidiaries and affiliates, its officers, directors and members of their immediate families and any entity in which Defendant has a controlling interest, the legal representative, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

53.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

54.     The requirements of Rule 23(a)(1) have been met.  The Class is so numerous that joinder of all members is impracticable.  Although the precise number of Class members is unknown to Plaintiff, the University has reported that 26,675 students were enrolled for the 2019-2020 academic year.[25] The number of Summer 2020 students and future semester enrollment is unknown at this time. The identity of all such students is known to the University and can be identified through the University's records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

55.     The requirements of Rule 23(a)(2) have been met.  There are questions of law and fact common to the members of the Class including, without limitation:

---

[25] https://www.upenn.edu/about/facts

a. Whether the University accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as access to certain facilities and services throughout the semester;

b.  Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after mid-March, 2020;

c. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March, 2020;

d. Whether Defendant is unjustly enriched by retaining a portion of the tuition and Mandatory Fees during the period of time the University has been closed, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid;

e. Whether Defendant intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, mandated students stay away from campus, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition and Mandatory Fees paid by Plaintiff and the Class; and

f. The amount of damages and other relief to be awarded to Plaintiff and the Class members.

56.     The requirements of Rule 23(a)(3) have been met.  Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each

contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid, and access to the services and facilities for the Mandatory Fees that they paid, that the University stopped providing in mid-March.

57.     The requirements of Rule 23(a)(4) have been met.  Plaintiff is an adequate class representative because her interests do not conflict with the interests of the other Class members who she seeks to represent, Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously.  Class members' interests will be fairly and adequately protected by Plaintiff and her counsel.

58.     Class certification of Plaintiff's claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University.  It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

## FIRST CLAIM FOR RELIEF

**BREACH OF CONTRACT**
**(On Behalf of Plaintiff and the Class)**

59.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

60.     Plaintiff brings this claim individually and on behalf of the members of the Class.

61.     By paying the University tuition and the Mandatory Fees for the semester, the University agreed to, among other things, provide an in-person and on-campus live education, as well as access to the services and facilities to which the Mandatory Fees they paid pertained throughout the entire semester.  As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

62.     The University has failed to provide this contracted for in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the semester, yet has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities during the entire semester.  Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

63.     Plaintiff and the members of the Class have suffered damage as a direct and proximate result of the University's breach in the amount of the prorated portion of the tuition and Mandatory Fees they each paid during the remainder of the Spring 2020 semester, Summer 2020 semester, and for any future semesters.

64.     The University should return such portions to Plaintiff and each Class Member.

## SECOND CLAIM FOR RELIEF

### UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

65.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

66.     In the alternative, should there be a finding that no contract exists, Plaintiff brings this claim individually and on behalf of the members of the Class.

67.     Plaintiff and members of the Class conferred a benefit on the University in the form of tuition and Mandatory Fees paid for the semester. The payment of the tuition and Mandatory Fees were to be in exchange for an in-person and on-campus live educational experience, and for services and facilities to which the Mandatory Fees pertained throughout the entire semester.

68.     The University has retained the full benefit of the tuition and Mandatory Fees payments by Plaintiff and the members of the Class for the semester, yet has failed to provide the quality of education and services and facilities for which tuition and the Mandatory Fees were paid, including those for an in-person and on-campus live education, and full access to the University's services and facilities.

69.     The University's retention of the portion of the tuition and Mandatory Fees during the period of time the University moved to a remote online education program, mandated students stay off campus, and closed or limited access to services and facilities, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid, is unjust and inequitable under the circumstances.

70.     Accordingly, the University should return the prorated portion of the tuition and Mandatory Fees that Plaintiff and the Class members each paid during the remainder of the Spring 2020 semester, the entirety of the Summer 2020 semester, and any future semesters.

### THIRD CLAIM FOR RELIEF

**CONVERSION**
**(On Behalf of Plaintiff and the Class)**

71.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

72.     In the alternative, should there be a finding that no contract exists, Plaintiff brings this claim individually and on behalf of the members of the Class.

73.     Plaintiff and members of the Class have a right to the services, facilities, and face to face instruction that was supposed to be provided in exchange for their payments of tuition, and Mandatory Fees to the University. In the alternative, should those services, facilities, and face to face instruction not be provided, Plaintiffs and members of the Class have a right to be reimbursed pro-rated tuition and Mandatory Fees.

74.     The University intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition and Mandatory Fees paid by Plaintiff and the Class.

75.     Class members demanded the pro-rata return of their tuition and Mandatory Fees for the period of time in the semester when the University switched to remote online learning, mandated students to stay off campus, and stopped providing the services for which the Mandatory Fees were intended to pay.

76.     The University's retention of the tuition and Mandatory Fees paid by Plaintiff and the Class without providing the services for which they paid, deprived Plaintiff and Class of the benefits for which the tuition and Mandatory Fees were paid.

77.     The University's interference with the services for which Plaintiff and the Class paid harmed Plaintiff and the Class in that the University has retained monies that rightfully belong to the Plaintiff and Class.

78.     The University intends to permanently deprive Plaintiff the Class of these funds.

79.     The University has wrongfully converted these specific and readily identifiable funds.

80.     Plaintiff and the Class are entitled to the return of the remaining pro-rated amounts of tuition and Mandatory Fees for the remainder of the Spring 2020 semester, the entirety of the Summer 2020 semester, and for any future semesters.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)      For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)     For compensatory damages in an amount to be determined by the trier of fact;

(d)     For an order of restitution and all other forms of equitable monetary relief;

    (e)       Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

    (f)       Awarding pre- and post-judgment interest on any amounts awarded; and,

    (g)       Awarding such other and further relief as may be just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.


Dated: June 25, 2020                Respectfully submitted,

*s/ Gary F. Lynch*
Gary F. Lynch
Edward W. Ciolko*
Nicholas A. Colella*

**CARLSON LYNCH LLP**
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
P (412) 322-9243
F. (412) 231-0246
E. glynch@carlsonlynch.com
   eciolko@carlsonlynch.com
   ncolella@carlsonlynch.com


*Counsel for Plaintiff and Proposed Class*
*\*Pro hac vice* applications forthcoming